IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _JC_ D.C.

05 SEP 29 PM 3:10

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN MEMPHIS

| | | |
|---|---|---|
| WOODROW J. HAWKINS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 05-2111-Ml/V |
| ROSALINE MCGEE, et al., | ) | |
| Defendants. | ) | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff, Woodrow J. Hawkins, filed this pro se complaint along with motions to proceed in form pauperis and for appointment of counsel. The motion to proceed in forma pauperis is GRANTED. The Clerk of Court shall file the case and record the defendants as Rosaline McGee and Case Management, Inc. The Clerk shall not issue process or serve any papers in this case.

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _9-29-05_

3

ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

The Court concludes that appointment of counsel is not warranted. As explained below, plaintiff's complaint is to be dismissed; therefore his motion for appointment of counsel is DENIED.

Plaintiff sues Rosaline McGee and Case Management, Inc. (CMI) alleging that the defendants violated his civil rights under 42 U.S.C. § 1983.[1] CMI is a Tennessee non-profit organization that assists individuals with mental health issues in all types of administrative and daily living matters. McGee is a Case manager with CMI, who formerly served as the Victims of Crime Act (VOCA) Advocate via the Victims Assistance Center for Shelby County General Sessions Court. See Hawkins v. Case Management, Inc., et

---

[1] Hawkins captioned his complaint for violation of his civil rights under 42 U.S.C. § 1984. Section 1984 was repealed in 1948; therefore, the Court construes the complaint as arising under § 1983.

2

al., 165 S.W.3d 296, 298 (Tenn. Ct. App. 2004), perm app. denied, No. W20040007440SC-R11-CV (Tenn. Jan 24, 2005). Plaintiff previously sued these parties in state court. The opinion of the Tennessee Court of Appeals summarizes the underlying facts as follows:

> On or about May 12, 2000, Woodrow Jerry Hawkins was involved in a physical altercation with a co-worker while employed as a temporary employee with LSA Temporary Services, LLC. Hawkins filed criminal charges as a result of the altercation. On or about May 31, 2000, the General Sessions Court counselor referred Hawkins to the VOCA Advocate at CMI for possible assistance under the VOCA program.
>
> The Tennessee Criminal Injuries Compensation Act, T.C.A. §§ 29-13-101 et seq., allows innocent victims of violent crimes to recover, under certain circumstances, for expenses incurred due to their victimization. If granted, the reimbursement is paid from the Tennessee Criminal Injury Compensation Fund ("Fund"), according to its guidelines.
>
> After his referral to VOCA, CMI proceeded with an assessment and investigation of Hawkins' claim. It was determined that Hawkins had initiated the altercation that led to his injury. CMI then advised Hawkins that he was not eligible for relief from the Fund. Notwithstanding this assessment, CMI contends that they provided Hawkins with information on the Fund, which included instructions for filing a written claim for benefits. Hawkins failed to file a claim within the one year time period outlined in the Fund guidelines.
>
> On October 29, 2002, Hawkins filed an action in the General Sessions Court of Shelby County. Hawkins specifically alleged that CMI and McGee failed to advise him of his rights, failed to provide him with access to a claim form for compensation under the Fund, and failed to tell him of the time limit for filing his claim. CMI denied all allegations made by Hawkins. On February 10, 2003, a General Sessions Judgment was entered in favor of Defendants. On that same day, Hawkins appealed to the Shelby County Circuit Court. On October 3, 2003, Defendants filed a Motion for Summary Judgment, along with a Statement of Material Facts. On October 22, 2003, Hawkins filed a Motion for Summary Judgment, along with his Statement of Facts in support thereof. The trial

3

court heard the motions on November 14, 2003. The trial court found that, pursuant to T.C.A. § 40-38-108 (2003), Defendants were immune from prosecution.[2] On November 17, 2003, the trial court entered its Order, granting summary judgment in favor of Defendants.

The thirty day period for filing an appeal began to run on November 18, 2003 and expired on December 17, 2003. Hawkins did not file an appeal during this period. On January 13, 2004, Hawkins filed a "Motion to Set Aside Summary Judgment." In his Motion, Hawkins asserted that he was not time barred from filing due to his medical condition. On December 3, 2003, Hawkins suffered a stroke and was hospitalized until December 11, 2003. On January 29, 2004, Hawkins' treating physician wrote a letter to the trial court indicating that Hawkins would require thirty days from release to recover. Defendants were given an opportunity to dispute the doctor's contention. The trial court chose to treat Hawkins' "Motion to Set Aside Summary Judgment" as a Tenn. R. Civ. P. 60.02 motion. Based upon the one year time period for filing a Rule 60.02 motion, the trial court found that Hawkins' motion was timely. In light of Hawkins' stroke and subsequent medical treatment, the trial court found that there were extraordinary circumstances and extreme hardship and, consequently, vacated its Order of November 17, 2003. On February 5, 2004, the trial court entered a second Order, granting Defendants' Motion for Summary Judgment.

Hawkins filed a timely appeal from this second order. The sole issue for review is whether the trial court erred in granting Defendants' Motion for Summary Judgment on the grounds that defendants are immune from prosecution under T.C.A. § 40-38-108.

It is well settled that a motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. See Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for

---

[2] T.C.A. § 40-38-108(2003) reads, in relevant part, as follows:

40-38-108. Immunity for failure to comply. - Failure to comply with any provision of this part shall not create a cause of action or claim for damages against the state, a political subdivision of the state, a government employee or other official or entity, and no such cause of action shall be maintained . . . .

4

summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence.

The resolution of the issue before this Court hinges upon whether the Defendants are immune under T.C.A. § 40-38-108 (2003). The construction and interpretation of a statute is a question of law. The Beare Co. v. Tennessee Dept. of Revenue, 858 S.W.2d 906, 907 (Tenn. 1993). Summary judgment is a preferred vehicle for disposing of purely legal issues. See Byrd v. Hall, 847 S.W.2d 208 (Tenn. 1993); Bellamy v. Federal Express Corp., 749 S.W.2d 31 (Tenn. 1988). Consequently, this issue is particularly suited to disposition by summary judgment. See e.g., Browder v. Logistics Management, Inc., 1996 WL 181435 (Tenn. Ct. App. 1996); see also Rainey, at 119. Since only questions of law are involved here, there is no presumption of correctness regarding the trial court's grant of summary judgment. Bain at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. Warren v. Estate of Kirk, 954 S.W.2d 722, 723 (Tenn. 1997).

T.C.A. § 40-38-108 provides immunity for failure to comply with any provision of the Victims' Bill of Rights, which would include a victim's right to "[b]e fully informed orally, in writing, or by video tape...[of] [t]he methods by which the victim may obtain a monetary award or other benefits from the criminal injuries compensation fund and information about obtaining assistance in securing such award or benefits . . . ." T.C.A. § 40-38-103(a)(1)(I). Under T.C.A. § 40-38-108, this immunity extends to "the state, apolitical subdivision of the state, a government employee, **or other official or entity**." Id. (emphasis added). When interpreting a statute, the role of the Court is to "ascertain and give effect to the legislative intent." Sharp v. Richardson, 937 S.W.2d 846, 850 (Tenn. 1996). In the absence of ambiguity, legislative intent is derived from the fact of a statute, and the Court may not depart from the "natural and ordinary" meaning of the statute's language. Davis v. Reagan, 951 S.W.2d 766, 768 (Tenn. 1997); Westland West Community Assoc. v. Knox County, 948 S.W.2d 281, 283 (Tenn. 1930); McCullum v. Huffstutter, No. M2002-00051-COA-R3-CV, 2002 WL 31247077 (Tenn. Ct. App. Oct. 8, 2002).

CMI and McGee contend that they are immune under T.C.A. § 40-38-108 because they were acting in an official capacity on behalf of the district Attorney General to provide information to victims of criminal acts within

5

the State of Tennessee. While we find nothing in this record to indicate that CMI or McGee were either authorized or implored to act on behalf of a governmental entity, we nonetheless find that, under the plain language of T.C.A. § 40-38-108, association with a governmental entity is not required for immunity. The statute specifically extends immunity to "other" officials or entities, but does not specify whether those officials or entities must be governmental. In the context of this statute, we cannot stretch grammatical construction so far as to read the word "government" (as in "government employee") to modify anything other than the word "employee." In short, the words "other official or entity" are not limited by the legislature's use of modifiers. We must, therefore, read "other official or entity" expansively to include any other official or entity. Consequently, under T.C.A. § 40-38-108, both CMI (as an "entity") and McGee (as an "official" of that entity) are immune from prosecution for any failure to properly inform Hawkins of his rights.

For the foregoing reasons, we affirm the Order of the trial court. Costs of this appeal are assessed against Appellant, Woodrow Jerry Hawkins, and his surety, if any.

Hawkins, 165 S.W.3d at 298-300.

Plaintiff's claims against the defendants are the same claims raised and litigated in Hawkins v. Case Management, Inc., and are barred by res judicata, or claim preclusion. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). To apply the doctrine of res judicata, three elements must be present: (1) judgment on the merits in an earlier action; (2) identity of the parties or their privies in the two suits; and (3) identity of the cause of action or claims between both suits. Blonder-Tongue Laboratories v. Univ. of Ill. Foundation, 402 U.S. 313, 323-24 (1971); Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 338 (7th Cir. 1995); Wade v. Hopper, 993 F.2d 1246, 1252

6

(7th Cir. 1993). These factors unquestionably exist in this case. Plaintiff previously sued the defendants and the state court granted the defendants' motion for summary judgment.

Furthermore, the crux of the complaint is plaintiff's displeasure with the result of state court lawsuit. Plaintiff may not attack the state court proceedings or judgment in a collateral proceeding in federal court. This would amount to obtaining review in this court of the decision of a Tennessee court. Any claim arising from the manner in which those proceedings were litigated should have been presented in that forum.

> United States district courts . . . do not have jurisdiction[] over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in this [the United States Supreme] Court. 28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983). See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court). In short, "[l]ower federal courts possess no power whatever to sit in direct review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Similarly,

> federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970).

7

This Court lacks jurisdiction over plaintiff's claim for relief for the state court judgment. Even assuming that the Court did have jurisdiction, we would decline to hear the case under the doctrine of abstention.

Thus, this complaint is barred by res judicata and fails to state a claim upon which relief may be granted. The complaint lacks an arguable basis either in law or in fact and is, therefore, frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). Accordingly, the complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I) and (ii).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim and as frivolous compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[3] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal. If the appeal is dismissed,

---

[3] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

[4] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline. McGore, 114 F.3d at 610.

9

it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

IT IS SO ORDERED this 26 day of September, 2005.

JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02111 was distributed by fax, mail, or direct printing on September 29, 2005 to the parties listed.

---

Woodrow Jerry Hawkins
21 Neely Street
Apt. #1313
Memphis, TN 38105

Honorable Jon McCalla
US DISTRICT COURT